# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED MAY 30, 2025

### NO. 03-21-00305-CV

**Dianne Hensley, Appellant**

**v.**

**State Commission on Judicial Conduct; Gary L. Steel, in his official capacity as Chair of the State Commission on Judicial Conduct; Ken Wise, in his official capacity as Vice-Chair of the State Commission on Judicial Conduct; Carey F. Walker, in his official capacity as Secretary of the State Commission on Judicial Conduct; and Clifton Roberson, Kathy P. Ward, Wayne Money, Andrew M. Kahan, Tano E. Tijerina, Chace A. Craig, Sylvia Borunda Firth, Derek M. Cohen, Yinon Weiss, and April I. Aguirre, in their official capacities as Members of the State Commission on Judicial Conduct, Appellees**

---

**APPEAL FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
BEFORE JUSTICES KELLY, THEOFANIS, AND CRUMP
AFFIRMED IN PART; REVERSED AND REMANDED IN PART ON REMAND --
OPINION BY JUSTICE CRUMP**

---

This is an appeal from the order signed by the trial court on June 25, 2021. Having reviewed the record and the parties' arguments, the Court holds that there was no reversible error in the portions of the trial court's order granting the Commission's plea to the jurisdiction as to Hensley's claim under the Uniform Declaratory Judgments Act against the Commission and her ultra vires claim against the Commission's officers and members. Therefore, the Court affirms those portions of the trial court's order. The Court further holds that there was reversible error in the portion of the court's order granting the Commission's plea to the jurisdiction as to Hensley's

claim under the Texas Religious Freedom Restoration Act and that there was reversible error in the trial court's order granting the Commission's plea of estoppel. Therefore, the Court reverses the portion of the trial court's order granting the Commission's plea to the jurisdiction as to Hensley's claim under the Texas Religious Freedom Restoration Act and the portion of the trial court's order granting the Commission's plea of estoppel and remands the case to the trial court for further proceedings consistent with this Court's opinion. Each party shall pay the costs of appeal incurred by that party, both in this Court and in the court below.